## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHERN VIRGINIA CAPITAL DEFENDER OFFICE<br>8245 Boone Blvd Suite 210<br>Tysons, VA 22182,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001,<br><br>        Defendant. | C.A. No. 19-cv-1476 _____ |

## COMPLAINT

Plaintiff Northern Virginia Capital Defender Office ("NVCDO") brings this action for injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, against the Federal Bureau of Investigation ("FBI") and complains as follows:

## INTRODUCTION

1.      In this action under the FOIA for injunctive and other appropriate relief, the NVCDO seeks the immediate release of records concerning the corrected genotypes used to generate the June 2015 FBI allele frequency database.

2.      In 1999, the FBI published an article titled "Genotype profiles for six population groups at the 13 CODIS short tandem repeat core loci and other PCR-based loci."[1] The article presented genotype profile data in African Americans, U.S. Caucasians, Hispanics, Bahamians,

---

[1] https://www2.fbi.gov/hq/lab/fsc/backissu/july1999/budowle.htm; also available at https://perma.cc/BQF7-7EMN.

Jamaicans, and Trinidadians. The FBI determined that these would be useful in, among other fields, forensic applications and crime scene evidence analysis.

3.      In connection with the article, the FBI published the raw genotype profile information that the article analyzed.[2] Specifically, the FBI published the thirteen loci of the six population groups addressed in the corresponding article. The publication of the FBI's genotype set allowed forensic scientists and academics to study and evaluate the accuracy and reliability of the science on which the FBI relied.

4.      In 2001, the FBI published a supplement under the title "Population Data on the STR Loci D2S1338 and D19S433."[3] This supplement expanded some of the genotype data from thirteen to fifteen loci and added Chamorro and Filipino population groups to the dataset. Once again, in conjunction with its publication of the article, the FBI published the raw genotype profile information that the article analyzed.[4] This allowed the scientific and academic communities to assess the accuracy and reliability of forensic DNA evidence offered in criminal cases around the country, including in the NVCDO's capital cases.

5.      Relying on the information that it published in 1999 and 2001, the FBI crime lab analyzed countless DNA samples from crime scenes across the country to be used in criminal prosecutions.

6.      The criminal defense bar and forensic scientists relied on the raw genotype data

---

[2] https://www2.fbi.gov/hq/lab/fsc/backissu/july1999/dnaloci.txt; also available at
     https://perma.cc/VVT8-UEU7.

[3] https://www2.fbi.gov/hq/lab/fsc/backissu/july2001/budowle1.htm; also available at
     https://perma.cc/5R8F-P9WH.

[4] https://www2.fbi.gov/hq/lab/fsc/backissu/july2001/budlowle.txt; also available at
     https://perma.cc/B49L-82G7.

that the FBI published in 1999 and 2001 to evaluate the procedures by which DNA samples were

analyzed. This allowed the criminal bar and the scientific community to validate the accuracy

and methodology of DNA evidence analysis before it was presented in criminal proceedings.

7.      After publication of the FBI's genotype set, dozens of scientific studies were

made possible, including quality assurance and population genetics inquiries. Over time,

concerns arose in the scientific community regarding the reliability of the FBI's data.

8.      In June 2015, the FBI published an erratum to the 1999 and 2001 publications,

correcting errors in the published genotypes.[5] The FBI described the erratum as necessary to

correct discrepancies attributable to "human error" and "technological limitations." These errors

affected the accuracy of the subsequent DNA analysis that was performed on crime scene

evidence, which was in turn offered in criminal cases across the country.

9.      When it published the 2015 erratum, the FBI published an "expanded" set of

allele frequencies. This expanded set was described as "the retyping of all of the remaining FBI

population samples using the new expanded loci kits."

10.     Although it had published the underlying genotype data for the allele frequencies

it published in 1999 and 2001, the FBI did not publish the raw genotype data for this "expanded"

set of allele frequencies.

11.     At the time that the FBI published the expanded set of allele frequencies in 2015,

the raw genotype data for the 1999 and 2001 sets remained available for the public to review on

the internet.

---

[5] https://onlinelibrary.wiley.com/doi/pdf/10.1111/1556-4029.12806; also available at
     https://perma.cc/ASB4-E4AW.

## PARTIES

12.     The NVCDO is dedicated to protecting and defending the rights and dignity of its clients, seeking to ensure justice and due process for indigent persons facing capital charges. It is based in Tysons, Virginia.[6]

13.     Defendant the Federal Bureau of Investigation is a component of the U.S. Department of Justice, a department of the Executive Branch of the United States Government. The FBI is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

14.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

16.     On February 22, 2016, the NVCDO submitted a FOIA request to the FBI seeking "the corrected genotypes used to generate the FBI allele frequency databases" ("the Request"), a true and correct copy of which is attached hereto as Exhibit A. The Request asks the FBI to release records related to the 2015 erratum that correspond to the records it had released in conjunction with the allele frequencies that the FBI published in 1999 and 2001.

17.     On February 22, 2016, the FBI acknowledged receipt of the request.

18.     On May 17, 2016, the FBI denied the NVCDO's request.[7] In its denial, the FBI

---

[6] The individual lawyer who filed the request, Edward J. Ungvarsky, is no longer employed by the NVCDO. Mr. Ungvarsky executed an assignment of the request to the NVCDO to ensure that it could pursue release of the requested information.

[7] The NVCDO no longer has a copy of the original denial letter from the FBI.

indicated it was withholding the responsive material in its entirety, asserting that it was protected from disclosure pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6), (7)(C).

19.     On July 15, 2016, the NVCDO filed an administrative appeal with the Office of Information Policy ("OIP") at the U.S. Department of Justice, a true and correct copy of which is attached hereto as Exhibit B. The OIP assigned this appeal Appeal No. DOJ-AP-2016-004386.

20.     On September 19, 2016, the OIP sent the NVCDO notice that it was affirming the FBI's action on its Request, a true and correct copy of which notice is attached hereto as Exhibit C. According to the OIP, "[t]he FBI properly withheld [the requested] information in full because it is protected from disclosure under the FOIA pursuant to" FOIA Exemptions 6 and 7(C).

## CAUSE OF ACTION

21.     The FBI's failure to make records responsive to the Request promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the FBI's corresponding regulations.

22.     The FBI has wrongly withheld responsive agency records to which NVCDO is entitled under FOIA.

23.     NVCDO is entitled to injunctive relief with respect to the release and disclosure of the records sought in the Request, and to recovery of its attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order the FBI to immediately process and release any and all records responsive to the Request;

B. Enjoin Defendant FBI from charging Plaintiff search, review, and duplication fees relating to the Request;

C. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld,

and order Defendant to disclose any wrongfully withheld records;

D.  Award Plaintiff its reasonable costs and attorney's fees incurred in this action; and

E.  Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted,

/s/ Jay Ward Brown

Jay Ward Brown
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC  20006-1157
Telelphone: (202) 508-1136
brownjay@ballardspahr.com

Christopher M. Proczko (pro hac vice pending)
BALLARD SPAHR LLP
80 S. 8th Street, Suite 2000
Minneapolis, MN  55402
Telephone:  (612) 371-3211
proczkoc@ballardspahr.com

Date:   May 21, 2019                    Attorneys for Plaintiff