# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHERN VIRGINIA CAPITAL DEFENDER OFFICE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 19-1476 (DLF) |

## ANSWER

Defendant, the Federal Bureau of Investigation ("Defendant" or "FBI"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff Northern Virginia Capital Defender Office ("Plaintiff" or "NVCDO") as follows. The numbered paragraphs of Defendant's Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

## Introduction

1. This paragraph is Plaintiff's characterization of the litigation, and accordingly no response is required.

2. Admit the first and second sentences. The remaining allegations in Paragraph 2 are Plaintiff's characterization of the contents and impact of an article written by the FBI that is not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, the Defendant refers the Court to that document for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

3. Admit the first sentence. The remaining allegations in Paragraph 3 are Plaintiff's characterization of the contents and impact of an article that is not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, the Defendant refers the Court to that document for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

4. Admit the first sentence, but deny that the FBI website cited in Footnote 3 of Paragraph 4 is the correct link for this document. By way of further answer, the FBI states that the document is available at https://www2.fbi.gov/hq/lab/fsc/backissu/july2001/budowle2.htm. The remaining allegations in Paragraph 4 are Plaintiff's characterization of the contents and impact of a document that is not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, the Defendant refers the Court to that document for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

5. The allegation in Paragraph 5 are not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, denied.

6. Defendant lacks sufficient knowledge to form a belief as to the truth or the falsity of the allegations in this paragraph.

7. Defendant lacks sufficient knowledge to form a belief as to the truth or the falsity of the allegations in this paragraph.

8. Admit the first and second sentences. By way of further answer, the FBI states that the Erratum published in June 2015 offered further information about the nature of the human errors and technological limitations. The remaining allegations in Paragraph 8 are

Plaintiff's characterization of the impact of a document that is not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, the Defendant refers the Court to that document for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

9. Admit.

10. The allegations in Paragraph 10 are Plaintiff's characterization of the contents of a document that is not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, the Defendant refers the Court to that document for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

11. Admit.

## Parties

12. Defendant lacks sufficient knowledge to form a belief as to the truth or the falsity of the allegations in this paragraph and the footnote it references.

13. Admit.

## Jurisdiction and Venue

14. This paragraph contains Plaintiff's allegation of jurisdiction, which is a conclusion of law to which no response is required.

15. This paragraph contains Plaintiff's allegation of venue, which is a conclusion of law to which no response is required.

**Factual Allegations**

16. Defendant admits that Plaintiff made a FOIA request to Defendant on or about February 22, 2016, and Defendant admits that a true and complete copy of Plaintiff's letter is attached to the Complaint as Exhibit A. The Defendant refers the Court to that request for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

17. Deny. By way of further answer, Defendant admits that by letter dated March 4, 2016, Defendant acknowledged receipt of Plaintiff's request and assigned it FOIPA number 1385162-000. The Defendant refers the Court to that letter for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

18. Defendant admits that, by letter dated May 17, 2016, the FBI withheld in their entirety, pursuant to FOIA exemptions (b)(6) and (b)(7)(c), records potentially responsive to Plaintiff's request. The Defendant refers the Court to that letter for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document. Defendant lacks sufficient knowledge to form a belief as to the truth or the falsity of the allegations in Footnote 7, which is referenced in this paragraph.

19. Admit.

20. Defendant admits that, by letter dated September 19, 2016, OIP affirmed the FBI's action on the Plaintiff's request, and Defendant admits that a true and complete copy of the OIP's letter is attached to the Complaint as Exhibit C. The Defendant refers the Court to that letter for

a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent they are inconsistent with the contents of that document.

## Cause of Action

21. This paragraph is a conclusion of law to which no response is required.

22. This paragraph is a conclusion of law to which no response is required.

23. This paragraph is a conclusion of law to which no response is required.

## Prayer for Relief

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief for which Plaintiff prays, or to any other relief as to Defendant.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or qualified herein.

## DEFENSES

Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## SECOND DEFENSE

The information that Defendant may withhold in response to Plaintiff's FOIA request is permitted under the exemptions to FOIA. *See* 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

WHEREFORE, having fully answered, Defendant respectfully requests that the Complaint be dismissed with prejudice, and that this Court award Defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/
PETER C. PFAFFENROTH, D.C. Bar # 496637
Assistant United States Attorneys
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2513
Email: peter.pfaffenroth@usdoj.gov

*Attorneys for Defendants*